UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Michael Watkins, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br><br><br><br> -v.- <br><br> Credit Protection Association, L.P. and John Does 1-25, <br><br> Defendant(s). | Civil Action No: _____ <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Michael Watkins (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC against Defendant Credit Protection Association, L.P. (hereinafter "Defendant CPA") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of

1

personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

**JURISDICTION AND VENUE**

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's primary place of business is located in this district.

5.     Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

6.     Plaintiff brings this class action on behalf of a class of Texas consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

8.      Plaintiff is a resident of the State of Texas, County of Denton, residing at 2609 Wandering Oak Drive, Corinth, TX 76208.

9.      Defendant CPA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 2500 Dallas Parkway., Suite 500 Plano, TX 75093.

10.     Upon information and belief, Defendant CPA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.   all individuals with addresses in the State of Texas;

   b.   to whom Defendant CPA sent a collection letter attempting to collect a consumer debt on behalf of its creditor client;

   c.   that states the balance in an unclear, deceptive and misleading fashion;

   d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a.   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to February 24, 2020, an obligation was allegedly incurred to creditor COSERV ACCOUNT.

23.     The COSERV ACCOUNT obligation arose out of a transactions involving medical services obtained by Plaintiff from COSERV ACCOUNT and was incurred primarily for personal, family or household purposes.

24.     The alleged COSERV ACCOUNT obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     COSERV ACCOUNT is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     COSERV ACCOUNT contracted with the Defendant CPA to collect the alleged debt.

*Violation – February 24, 2020 Collection Letter*

27.     On or about February 24, 2020, Defendant CPA sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to COSERV ACCOUNT. See a true and correct copy of the letter attached at Exhibit A.

28.     The top of the letter reads:

| | |
|---|---|
| Original Amount Due: | $434.79 |
| 0 Equipment Item(s) Valued At: | $0.00 |
| Amount Paid on Account: | $0.00 |
| Balance Past Due: | $206.11 |

29.     The letter contains a discrepancy between the original amount due and the balance past due.

30.     The letter does not explain the discrepancy between the original amount due and the balance past due and is confusing and deceptive to the consumer who cannot discern the true amount of his balance, whether it is the original amount due or the balance past due.

31.     Moreover, the letter states that no amounts have been paid on the account, thereby leaving the consumer with no explanation as to the difference in the balances stated in the letter.

32.     It is deceptive and misleading to state a confusing balance to the consumer who has no way of knowing the accurate amount due.

33.     Although, the reverse side of the letter provides a "Statement of Account" with a list of various "Account Activity" and lists seven "Balance Adjustments" of varying amounts, it is unclear what these "adjustments" represent.

34.     The consumer cannot discern the meaning of these adjustments as there is no explanation provided, nor can they be described as payments because the letter earlier states that there have been no payments made.

35.   Upon receipt of this notice Plaintiff was confused as to whether he owed the "original amount due" or the "balance past due" as Defendant's Letter fails to explain which amount would be the correct amount.

36.   Plaintiff incurred an informational injury as he could not ascertain from the deceptive and misleading Letter the amount he presently owed on the debt.

37.   Further, Defendant's Letter is a false representation of the amount of the debt.

38.   As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

39.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40.   Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41.   Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.   Defendant violated §1692e :

a.   As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

b.   By making a false and misleading representation in violation of §1692e(10).

43.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

44.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michael Watkins, individually and on behalf of all others similarly situated, demands judgment from Defendant CPA as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 9, 2020                                    Respectfully Submitted,

                                                                         **STEIN SAKS, PLLC**

                                                                         */s/ Yaakov Saks*
                                                                         Yaakov Saks, Esq.
                                                                         285 Passaic Street
                                                                         Hackensack, NJ 07601
                                                                         (201) 282-6500
                                                                         (201) 282-6501  Fax
                                                                         ysaks@steinsakslegal.com
                                                                         *Counsel for Plaintiff*